IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| PETER PRITCHETT, JR., #284 708, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:13-CV-712-WHA |
| | ) | [WO] |
| POLICE OFFICER DEREK FARR, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause of action is before the court on a 42 U.S.C. § 1983 complaint filed by

Plaintiff, a state inmate, on September 24, 2013.[1]  In this complaint, Plaintiff asserts that

members of the Wadley Police Department subjected him to an illegal search and seizure

on September 27, 2011.  Plaintiff names as defendants the Wadley Police Department, the

Randolph County Sheriff's Department, and Officers Derek Farr and Shane House,

officers of the Wadley Police Department.  Plaintiff seeks monetary damages for the

alleged violations of his constitutional rights.  *Court Doc. No. 1*.

Upon review of the allegations contained in the complaint, the court concludes that

---

[1] Although the Clerk of this court stamped the complaint "received" on September 30, 2013, it is clear Plaintiff presented the complaint to prison officials for mailing prior to this date.  A review of the pleadings indicates that Plaintiff executed the complaint on September 24, 2013.  *Court Doc. No. 1* at 4.  The law is well settled that a pro se inmate's complaint is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).  "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant complaint] was delivered to prison authorities the day [Pritchett] signed it...."  *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing, the court considers September 24, 2013, as the date of filing.

this case is due to be dismissed prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).[2]

## I.  DISCUSSION

Plaintiff alleges in his complaint that on September 27, 2011, Officers House and Farr entered his residence without a search warrant and without his consent or approval. The officers proceeded to search Plaintiff's home and recovered a cellphone which Plaintiff states was used at his trial to convict him of electronic solicitation of a child and enticing a child to enter for immoral purposes. *Court Doc. No. 1* at 5-6.

A.    *The Wadley Police Department and the Randolph County Sheriff's Department*

Plaintiff names the Wadley Police Department and the Randolph County Sheriff's Department as defendants in this cause of action.  Neither a  city police department nor a county sheriff's department "is [] a legal entity and, therefore, is not subject to suit or liability under section 1983." *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992).  In light of the foregoing, the court concludes that Plaintiff's claims against the  Wadley Police Department and the Randolph County Sheriff's Department are due to be dismissed with prejudice as frivolous pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(I).  *Id.*

B.    *The Challenges to Plaintiff's Conviction*

---

[2]The court granted Plaintiff leave to proceed *in forma pauperis* in this cause of action.  *Court Doc. No. 3*. A prisoner who is allowed to proceed *in forma pauperis* will have his complaint screened under the provisions of 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

Plaintiff challenges the constitutionality of his convictions for electronic solicitation of a child and enticing a child to enter for immoral purposes. Specifically, he requests damages for direct injury caused by an alleged illegal/unlawful search of his home and ensuing seizure of a cell phone he states was used at his criminal trial to convict him of the foregoing offenses. These claims provide no basis for relief at this time. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck*, the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. 512 U.S. at 483-489. Under *Heck*, the relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." 512 U.S. at 487. The Court emphasized that "habeas corpus is the exclusive remedy for a ... prisoner who challenges" a conviction or sentence, "even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. 512 U.S. at 481. In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

As the Supreme Court opined:

We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has ***not*** been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will ***not*** demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed in the absence of some other bar to the suit. (emphasis in original).

*Heck,* 512 U.S. at 486-487, 114 S.Ct. at 2372-2373. Fourth Amendment claims are not exempted from the requirement that a conviction must be set aside as a precondition for this type of § 1983 suit. *Braxton v. Scott*, 905 F. Supp. 455, 458 (N.D. Ohio 1995); *Schilling v. White and Massie*, 58 F.3d 1081, 1086 (6th Cir. 1995). Claims arising from an alleged illegal search may be brought under section 1983 "only if success would not undermine the conviction...." *Braxton*, 905 F. Supp. at 458; *Heck* at 512 U.S. 487 n. 7 ("[A] suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that ... result[ed] in the § 1983 plaintiff's still-outstanding conviction [so long as success on the illegal search claim] would not necessarily imply that the plaintiff's conviction was unlawful."); *Weaver v. Geiger,* 294 F. App'x 529,

533 (11th Cir. 2008) ( *per curiam* ).

In *Balisok*, the Court concluded that a state prisoner's "claim[s] for declaratory [and injunctive] relief and money damages, ... that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983 ..." unless the prisoner can demonstrate that the challenged action has previously been invalidated.  520 U.S. at 648. Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment."  *Id.* at 645.  The Court reiterated the position previously taken in *Heck* that the "sole remedy in federal court" for a prisoner challenging the constitutionality of a conviction or sentence is a petition for writ of habeas corpus.  *Balisok*, 520 U.S. at 645.  Additionally, the Court "reemphasize[d] ... that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed."  *Id*. at 649.

Plaintiff challenges the warrantless search of his home and seizure of evidence pursuant to the alleged illegal search which resulted in his convictions for electronic solicitation of a child and enticing a child to enter for immoral purposes.   Based on the assertions contained in the complaint, the search at issue could not be considered appropriate under any other legal doctrine.   Thus, a ruling in favor of Plaintiff on his illegal search and seizure claim would necessarily imply that his  convictions on the enumerated sex offenses were unlawful. The pleadings filed by Plaintiff establish that the

challenged convictions have not been invalidated in an appropriate post-conviction proceeding.   Consequently, the instant collateral attack is prohibited and subject to summary dismissal by this court in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).  *Balisok*, 520 U.S. at 645; *Heck*, 512 U.S. at 481; *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973).

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Plaintiff's claims against the Wadley Police Department and the Randolph County Sheriff's Department be DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i);

2.  To the extent Plaintiff presents claims challenging the constitutionality of his convictions for electronic solicitation of a child and enticing a child to enter for immoral purposes, these claims be DISMISSED without prejudice pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

3.  This case be DISMISSED prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

It is further

ORDERED that on or before November 21, 2013, Plaintiff may file an objection to the Recommendation.  Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects.  Frivolous, conclusive

or general objections will not be considered by the District Court.  Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE this 6th day of November, 2013.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE