IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| PETER PRITCHETT, JR., #284 708, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.  3:13cv712-WHA |
| ) | |
| POLICE OFFICER DEREK FARR, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This case is before the court on Plaintiff's Objection (Doc. #10) to the Recommendation of the Magistrate Judge (Doc. #9).  Following an independent evaluation and *de novo* review of the file, the court finds the Plaintiff's objection to be without merit.

Plaintiff objects to the Recommendation that his § 1983 complaint be dismissed under 28 U.S.C. § 1915(e).  The complaint was dismissed pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994) based on Plaintiff's allegation of a Fourth Amendment unlawful search and seizure claim.

Plaintiff's first objection is that he did not give consent for a magistrate judge to review his case.  This objection is without merit as Plaintiff objects to actions which are taken in accordance with Local Rule 72.2 of this court as well as authority provided magistrate judges under 28 U.S.C. § 636(b).

Next, Plaintiff objects to the recommendation that Defendants Wadley Police Department and the Randolph County Sheriff's Department be dismissed as defendants.  Plaintiff maintains that he named only two Defendants to his Complaint – the law enforcement officials who are alleged to have violated his Fourth Amendment rights.  This was not entirely clear based on the

1

way Plaintiff captioned his Complaint and the way he listed Defendants on page 2 of the Complaint, and, thus, noting the two entities as Defendants was reasonable. Further, whether or not the two entities are considered Defendants has no bearing on the main basis Plaintiff's Complaint was recommended for dismissal.

Finally, Plaintiff maintains that *Heck* is not applicable to his Complaint, because a judgment in his favor "would not alone invalidate his criminal conviction or sentence in that the alleged unconstitutional seizure of the phone(s) w[as] not all the evidence . . . used by the state to convict [him] where[] the victim gave testimony at trial also, which was considered by the Jury, and the Court." (Doc. #10 at 3-4). Although Plaintiff did not mention in his Complaint that the victim testified and was an additional source to support his conviction, *Heck* does not stand for the proposition that if other evidence introduced at trial could support a conviction, then it is permissible to allow a Fourth Amendment challenge to be litigated in a § 1983 action even if a judgment on such challenge would imply the invalidity of the conviction and/or without a showing that the conviction in question has been invalidated. *Heck* does not necessarily bar every Fourth Amendment challenge so long as success on such a challenge would not imply the invalidity of the conviction. However, given the specific allegations made in the instant Complaint, the search and seizure about which Plaintiff complains could not be considered appropriate under any other legal doctrine, e.g., independent source. Plaintiff's complaint, therefore, is subject to dismissal under *Heck v. Humphrey*, 512 U.S. 477 (1994) as well as *Edwards v. Balisok*, 520 U.S. 641, 646 (1997), and *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

For the foregoing reasons, the objection is OVERRULED, the court ADOPTS the Recommendation of the Magistrate Judge, and it is hereby ORDERED as follows:

1.  Plaintiff's claims against the Wadley Police Department and the Randolph County Sheriff's Department are DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

2.  To the extent Plaintiff presents claims challenging the constitutionality of his convictions for electronic solicitation of a child and enticing a child to enter for immoral purposes, these claims are DISMISSED without prejudice pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

3.  This case is DISMISSED prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

DONE this 5th day of December, 2013.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE