IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| PETER PRITCHETT, JR., #284 708, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:13-CV-712-WHA |
| | ) | [WO] |
| POLICE OFFICER DEREK FARR, | ) | |
| *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On March 11, 2015, Plaintiff filed a pleading considered a Motion to Dismiss Defendant Derek Farr from this cause of action. In support of his motion, Plaintiff states this individual was incorrectly named as a party to the complaint. Upon review of the motion, the court concludes that it should be granted.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Plaintiff's March 11, 2015, pleading, considered a Motion to Dismiss Defendant Derek Farr  (*Doc. No. 32*), be GRANTED;

2.  Defendant Derek Far be DISMISSED with prejudice as a party to this complaint; and

3.  This case with respect to the remaining defendant be referred back to the undersigned for additional proceedings.

It is further

ORDERED that **on or before April 8, 2015**, the parties may file an objection to the Recommendation. Any objection filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the parties object.  Frivolous, conclusive or general

objections will not be considered by the District Court. The parties are advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of issues covered in the report and shall bar a party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 23rd day of March 2015.

    /s/Terry F. Moorer
    TERRY F. MOORER
    UNITED STATES MAGISTRATE JUDGE